S. R. REEVES v. WALLACE & WAGNER.

(No. 2320.)

APPEAL from Kaufman County. Opinion by WHITE, P. J.

MANION & HUFFMASTER, counsel for appellant.

J. S. WOODS, counsel for appellees.

§ 178. *Trial of right of property; delivery bond given by claimant instead of claim bond; effect of; case stated.* One Cheatham, being indebted to appellant Reeves, turned over to him in payment of the debt a stock of goods. Appellees brought suit against Cheatham upon a debt due by him to them, and sued out an attachment and had the same levied upon said stock of goods. The attachment was levied November 14, 1885. On November 18, 1885, appellant told the sheriff who levied the attachment that the goods belonged to him, and he tendered to said sheriff a bond which said sheriff supposed was a bond for the trial of the right of property to said goods, which bond said sheriff accepted and returned into court without indorsement. It turned out that this bond, instead of being a bond for the trial of the right of property, was a replevy or forthcoming bond, conditioned that Reeves would not remove the goods from the county, nor make improper use of the same, during the pendency of the suit, and would have it forthcoming to abide the decision of the court, or pay the value thereof in case the suit should be decided against the defendant Cheatham, his vendor. Whatever may have been the law

aforetime, we are not aware of any statute in this state which authorizes the execution of such a bond. It might be a good common law bond as between the sheriff and Reeves, in case the former was compelled to pay damages on account of his having taken it. But such a bond was without authority, illegal, and void in so far as the rights of Wallace and Wagner, or Cheatham, the parties to the attachment suit, were concerned. The sheriff had no authority to take it and surrender the possession of the property to Reeves under and by virtue of it. Being void, because without authority of law, and because in contravention of the rights of the parties to the attachment suit, the possession of the goods was not, and could not be, legally transferred under it by the sheriff to Reeves, but in contemplation of law the legal possession of said goods remained in the sheriff under and by virtue of the attachment and levy. This being the case, said bond could properly cut no figure, and was entitled to no more consideration in the case than if it had never been executed. It was entitled to no standing in the case for any purpose in so far as said suit was concerned. Having become informed of the character and insufficiency of said bond, its execution and receipt being the result of a mutual mistake of the sheriff and Reeves, the latter executed a bond for the trial of the right of property to said goods, and made affidavit claiming the said goods, in the manner and form required by the statute, and delivered the same to said sheriff, who returned the same into court in due form. Upon the trial Wallace and Wagner moved to dismiss said claimant's oath and bond, because said claimant had previously executed said replevy or forthcoming bond, and had thereby obtained and held possession of the goods, and said goods were in his possession at the time said claimant's oath and bond for the trial of the right of property thereto were made. This motion was sustained, and judgment rendered against Reeves, the claimant. *Held* error, because the legal possession of the goods at the time of the execu-

tion of said claimant's oath and bond for the trial of the right of property thereto was not in Reeves, but was in the sheriff, and Reeves was not estopped from availing himself of this remedy by reason of having executed the replevy or forthcoming bond.

November 20, 1886.          Reversed and remanded.